**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY JOE HARO. CDCR #P-08307,<br><br>                    Plaintiff,<br><br>vs.<br><br>D. CAMARGO; J. SAIS; L. VEGA; and D. MAY,<br><br>                    Defendants. | Civil No.   14-CV-1782 JLS (PCL)<br><br>**ORDER: (1) ADOPTING MAGISTRATE JUDGE LEWIS' REPORT AND RECOMMENDATION; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF No. 10, 15)** |

      Presently before the Court is Defendants D. Camargo, J. Sais, L. Vega, and D. May's ("Defendants") Motion to Dismiss Plaintiff's Complaint. (ECF No. 10.) Also before the Court is Magistrate Judge Peter C. Lewis' Report and Recommendation ("R&R") advising this Court to grant in part and deny in part Defendants' Motion to Dismiss. (ECF No. 15.)

      Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447

U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, the parties failed to timely file objections to Magistrate Judge Lewis' R&R. Having reviewed the R&R, the Court finds that it is well reasoned and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Lewis' R&R in its entirety; (2) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.

Accordingly, (1) Defendants' Motion to Dismiss on exhaustion grounds is **DENIED**; (2) Defendants Motion to Dismiss the injunctive claims for relief is **GRANTED** and Plaintiff's injunctive claims for relief are **DISMISSED WITHOUT PREJUDICE**; and (3) Defendants' Motion to Dismiss the official capacity claims against Defendants is **GRANTED**. Plaintiff may file an amended complaint curing the deficiencies outlined in the R&R <u>on or before April 24, 2015</u>.

**IT IS SO ORDERED**.

DATED: March 2, 2015

Honorable Janis L. Sammartino
United States District Judge